

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TF
F. #2013R01046

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 28, 2016

By Hand Delivery and ECF

Steve Zissou, Esq.
42-40 Bell Boulevard, Suite 302
Bayside, NY 11361

      Re:    United States v. Ahmad Sheikhzadeh
               Criminal Docket No. 15-182 (S-1) (PKC)

Dear Mr. Zissou:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  This letter is accompanied by a log detailing the items listed below by their Bates numbers.  This letter also serves as confirmation of our meeting today, March 28, 2016, at our Office to review documents not listed here.  The government also requests reciprocal discovery from the defendant.

I.     The Government's Discovery

    A.     Statements of the Defendant

- AS1-66
- AS1433-1496
- AS1497-1504 (previously produced)

    B.     The Defendant's Criminal History

         The government is not aware any criminal history of the defendant.

    C.     Documents and Tangible Objects

- AS67-104
- AS105-902

- AS903-1432

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.  Reports of Examinations and Tests

The government will provide you with copies of reports of examinations or tests in this case if and as they become available.

E.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

       The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

       The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

       Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Future Discussions

       If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

       Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

       Very truly yours,

       ROBERT L. CAPERS
       United States Attorney

By:   /s/ Tali Farhadian
       Tali Farhadian
       Peter Baldwin
       Assistant U.S. Attorneys
       (718) 254-6290/6236

Enclosures

cc:    Clerk of the Court (PKC) (by ECF) (without enclosures)