SDD:TF/PB/BDM
F. # 2013R01046



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

- against -

AHMAD SHEIKHZADEH,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF
FORFEITURE AND
ORDER REGARDING
PREPAYMENT OF RESTITUTION

15 CR 182 (S-1) (PKC)

WHEREAS, on or about November 21, 2016, AHMAD SHEIKHZADEH (the "defendant"), entered a plea of guilty to Counts Two and Six of the above-captioned Superseding Indictment, charging violations 26 U.S.C. § 7206(2) and 50 U.S.C. § 1705;

WHEREAS, the defendant acknowledges that money and property is subject to forfeiture as a result of his violation of 50 U.S.C. § 1705, as alleged in the Superseding Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of (a) the sum of eighty-five thousand dollars and no cents ($85,000.00) (the "Forfeiture Money Judgment"), (b) the sum of approximately $30,380.00 in United States currency seized on or about March 4, 2016 from the premises located at 42 Grove Street, Apartment 4C, New York, New York 10014, and all proceeds traceable thereto (the "Forfeited Currency"), and (c) the sum of approximately $54,620.00 out of a total of approximately $145,592.58 of cash held on deposit in TD Ameritrade Account Number 881-123582 in the name of Ahmad Sheikhzadeh (the "TD Account") seized on or about March 4,

2016, and all proceeds traceable thereto (the "Forfeited TD Funds" and, together with the Forfeited Currency, the "Forfeited Assets"), as property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 50 U.S.C. § 1705, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and the Forfeited Assets, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p). The value of the Forfeited Assets finally forfeited towards the United States shall be credited towards payment of the Forfeiture Money Judgment.

2. TD Ameritrade shall direct the sum of $63,844.92 of cash held on deposit in the TD Account in the form of a certified or bank check made payable and delivered to the Clerk of Court (Eastern District of New York) and referencing the above-captioned case name and docket number, as a prepayment towards restitution computed based upon the defendant's tax liability plus interest owed for tax years 2008 to 2012 (the "Restitution Payment"). Upon receipt of the Restitution Payment, the Clerk of Court shall deposit the same into an interest-bearing account pending the defendant's sentencing and the imposition of a judgment of restitution in favor of the Internal Revenue Service. In the event that the Court directs the payment of restitution as part of the defendant's sentence, the government shall provide a copy of the restitution judgment to the Clerk of Court, together with a letter authorizing disbursement of the Restitution Payment in accordance with such judgment, and deduction of administrative

costs associated with the Clerk's deposit and withdrawal of the Restitution Payment out of the interest accrued thereon.

3. Any outstanding balance of the Forfeiture Money Judgment shall be paid in full on or before the date of the defendant's sentencing (the "Applicable Due Date"). In the event that the defendant fails to pay the Forfeiture Money Judgment by the Applicable Due Date, the defendant consents to the forfeiture of any other property of his, including but not limited to the TD Account, up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant further consents to the liquidation of positions held in the TD Account, in a manner as directed in the government's sole and exclusive discretion, in order to facilitate payment of the Forfeiture Money Judgment and the Restitution Payment.

4. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the Forfeited Assets and any amounts paid towards the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to the Forfeited Assets and any amounts paid towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.

5. The defendant further waives the filing of a civil forfeiture complaint in accordance with the procedures set forth in 18 U.S.C. § 983 as to the Forfeited Assets and any amounts paid towards the Forfeiture Money Judgment. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of the Forfeited Assets and any amounts paid towards the Forfeiture Money Judgment.

6. All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

7. The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Assets and payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the Forfeited Assets and any amounts paid towards the Forfeiture Money Judgment to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets or any amounts paid towards the Forfeiture Money Judgment in any administrative or judicial proceeding.

8. The failure of the defendant to forfeit any monies and/or properties as required under this Order, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of the defendant's agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

9. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said

monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

10. The defendant agrees that the forfeiture of the Forfeited Funds and the entry or payment of the Forfeiture Money Judgement are not to be considered a fine or a payment on any income taxes or civil penalties that may be due.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant. Pursuant to Fed.R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

12. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

13. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's

Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York

November 21, 2016

s/PKC

---
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK