

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CRH
F. #2013R01046

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 12, 2018

By ECF and Email

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Ahmad Sheikhzadeh
> Criminal Docket No. 15-182 (PKC)

Dear Judge Chen:

The government writes pursuant to the Court's order, dated July 11, 2018, to respond to the defendant's request to modify his conditions of supervised release to (1) permit travel, including foreign travel, without first obtaining permission from the United States Probation Office ("USPO") and (2) to eliminate supervised release entirely and permit "'unsupervised' supervised release." The government opposes both requests to modify supervision. The government opposes the defendant's specific request to travel this summer, since the defendant does not appear to have made a request to travel (or obtained permission) from his probation officer nor provided any details about his desired travel, but does not object to consideration of such a request if the defendant does request and receive permission.

Applicable Law

In general, a sentence to supervised release is to a term of community supervision following a period of imprisonment. See 18 U.S.C. § 3624(e); see also United States v. Reyes, 283 F.3d 446, 456 n.2 (2nd Cir. 2002). Supervised release is not a form of early release from prison; it is a separate sentence imposed together with a sentence of imprisonment. 18 U.S.C. § 3583; Reyes, 283 F.3d at 456. The purposes of supervised release are to "fulfill[ ] rehabilitative ends distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). In addition to certain mandatory conditions of supervised release, a sentencing court is permitted to order discretionary conditions to the extent they are reasonably related to the sentencing factors identified in Section 3553(a), involve no greater deprivation of liberty than reasonably necessary for the purposes of sentencing set forth in Section 3553(a), and are consistent with the relevant policy statements issued by the United

States Sentencing Commission. See 18 U.S.C. § 3553(d). The United States Sentencing Guidelines ("U.S.S.G") identifies thirteen "standard" conditions of supervision that are recommended for supervised release in every case. See U.S.S.G. § 5D1.3(c). Those standard conditions include, inter alia, periodic reporting and direction from a probation officer (5D1.3(c)(1)-(2)) and a limitation on travel outside of the federal district where the defendant resides without first getting permission from the court or probation officer (5D1.3(c)(3)).

Termination of Supervised Release Is Not Appropriate

The defendant requests that this Court permit "'unsupervised' supervised release." Despite claiming that it is done "on occasion," the defendant cites no case where this has occurred nor any case law that would permit such a request. Practically speaking, the defendant's request is for termination of supervised release. Under 18 U.S.C. § 3583(e), a Court may end a term of supervised release if, after expiration of at least one year of supervision, "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Early termination of supervised release – which is a revision of a previously-imposed sentence – is reserved for exceptional circumstances. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."); Karacsonyi v. United States, 152 F.3d 918, 1998 WL 401273, at *1 (2d Cir. 1998) (unpublished) ("[E]arly termination of supervised release . . . is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior.").

First, the defendant has not yet been on supervised release for at least one year, as the statute requires for consideration of termination. Indeed, the defendant was only released from prison a few days ago and has hardly begun to serve his term of supervised release. Second, even if the one year requirement did not apply or could somehow be disregarded in this case, the defendant has identified no exceptional circumstance that would warrant a step as significant as eliminating supervised release only a short time after it has begun. Even assuming the defendant's claims that he is at a lower risk of recidivism and not a danger to the community to be true, such facts are not exceptional nor evidence of uniquely changed circumstances that warrant a departure from the sentence that the Court only recently imposed. The defendant has not yet demonstrated that he can comply with his conditions of release because he only just begun supervision. Ending supervision is neither necessary nor appropriate.

Foreign Travel Without Permission is Not Appropriate

The defendant also requests permission to travel, including to foreign countries, without first seeking permission from the court or probation. This modification should likewise be denied. As a general matter, seeking permission to travel is not a significant burden, and ensures that the USPO is generally aware of the supervisee's location and what

2

conduct he is engaged in. Foreign travel in particular presents concerns protected by this permission requirement, since the defendant will be entirely outside the jurisdiction of the USPO and Court.

Here, the defendant identifies no particular reason why this standard condition presents any particular difficulty for him, such as is sometimes the case when a defendant has to travel regularly to a different judicial district for work or education. The defendant necessarily has to plan the logistics of foreign travel in advance by purchasing plane tickets, ensuring passport or visa documents are in order, and similar activities. Requiring the defendant to include a request to USPO as part of his travel "to do" list is not unreasonable for a person who committed a federal felony and is still serving a portion of his sentence. Indeed, the fact that the defendant's criminal conduct was related to his relationship with foreign entities and involved conduct in a foreign country actually makes the need for USPO and Court supervision of his travel more compelling. Such supervision will discourage the defendant from engaging in similar future criminal conduct, since the defendant's whereabouts will be known to United States authorities.

The defendant indicates that he wishes to travel abroad later this summer to visit his mother. The government does not oppose the request on its merits, but the defendant does not appear to have requested permission for such a trip from his probation officer, and has not provided sufficient details about the trip. Accordingly, because the defendant has not complied with the requirement that he seek permission for such a trip, the government opposes the request. The government does not object to the Court's consideration of a specific request to travel if the defendant first seeks and receives permission from the USPO.

Conclusion

For the forgoing reasons, the government respectfully requests that the Court deny defendant's request to (1) permit travel, including foreign travel, without first obtaining permission from the United States Probation Office ("USPO") and (2) to eliminate supervised release entirely and permit "unsupervised" release.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/Craig R. Heeren
Craig R. Heeren
Assistant U.S. Attorney
(718) 254-6467

cc: Steve Zissou, Esq. (by email)
Attorney for Defendant

3