# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361| 718.279.4500 | stevezissou@stevezissouesq.com

July 13, 2018

**BY ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States of America v. Ahmad Sheikhzadeh*
      Docket Number 15-Cr-182 (PKC)

Dear Judge Chen:

I write in reply to the government's letter opposing the defendant's request to modify the conditions of release. The government sites a variety of reasons why the Court should deny the defendant's requests. For the reasons set forth below, the Court should reject them since they are plainly without merit.

The government's first objection is that "the defendant does not appear to have made a request to travel (or obtained permission) from his probation officer nor provided any details about his desired travel." Although this objection is the standard response that the government takes when a defendant seeks permission to travel, it creates a barrier that a defendant supervised in the Southern District of New York can never overcome. The reason for this is that the Probation Department in the Southern District has a policy opposing all foreign travel without permission of the court and travel to any destination within this first six months of supervision. In short, it is a given that the probation will oppose Dr. Sheikhzadeh's travel request. The attorney for the government can confirm this by contacting the Southern District Probation Office.

Next, the government makes the tenuous claim that the defendant is asking this Court to terminate all of the conditions of release that were imposed at his sentencing hearing. This is hardly the case. Indeed, non-citizen defendants are warned at the time of sentence that upon removal from the United States, reentry while on "supervised release" would violate a condition of release and subject them to a period of incarceration above and beyond any additional charges that might be brought against them. Indeed, many of these individuals are in jail at the time of the sentence hearing and are removed without ever seeing a probation officer. All of these individuals are, in effect, on "unsupervised" supervised release. That is, the conditions of release remain in effect, but the probation department is not burdened with actual supervision. It strains credulity that the government would suggest that a court would not have the power to grant a US citizen the same right.

Page **2** of **2**
Honorable Pamela K. Chen
July 13, 2018

  Equally unconvincing is the government's assertion that "the defendant cites no case where this [unsupervised release] has occurred." Again, a simple inquiry to the United States Probation Department would confirm that worthy defendants have, in fact, been afforded this privilege in this and other districts. For example, in *United States v. Jagat*, 06-755, The Honorable Sandra Townes imposed such a sentence on counsel's client, Ravichandra Jagat.[1] The judgment of conviction sets forth as follows:

> Upon release from imprisonment, the defendant shall be on supervised release for a term of: Three (3) years. *The defendant is not required to report to the Probation Department but must obey the conditions of supervised release.* Failure to do so will result in a violation before this court (emphasis added).

  Other federal judges have also recognized that certain individuals do not need supervision. In the Sothern District of New York, for example, The Honorable Thomas P. Griesa, sentenced the defendant, Jose Lopez, to "[o]ne (1) Year *Unsupervised Probation"* The judgment entered in case number 08-160 is attached hereto. These two cases are just two of counsel's cases and reflect a judicial determination that certain defendant's, such as Ahmad Sheikhzadeh, just do not need to be supervised by a probation officer.

  The government's observation that [p]ractically speaking, the defendant's request is for termination of supervised release," is incorrect. All that he asks is for this Court to modify the *conditions* of supervised release but not the *term* of supervised release as this Court is authorized to do by Fed. R. Crim. P. 32.1(c)(1).

  Thank you very much for your consideration in this matter.

                   Respectfully submitted,

                       /s/

                    Steve Zissou

cc: AUSA Craig Heeren by ecf and email at craig.heeren@usdoj.gov
 PO Frank Marcigliano at frank_marcigliano@nyep.uscourts.gov
 Supervising PO Richard Azarian at Richard_Azarian@nyep.uscourts.gov

---

[1] Can be confirmed by Supervising PO Richard Azarian (copied here).

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOSE EUGENE LOPEZ | Case Number: 08 CR 00160 (TPG) |
| | USM Number: 60800-054 |
| | Steve Zissou, Esq. (AUSA Daniel Brown) |

Date of Original Judgment: 2/24/2015
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s) One & Two of the Felony Information.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1001(a)(1) & (2) | False Statements | 9/14/2005 | 1 |
| 18 USC 1001(a)(1) & (2) | False Statements | 11/9/2005 | 2 |

The defendant is sentenced as provided in pages 2 ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/3/2015
Date of Imposition of Judgment

/s/ Thomas P. Griesa
Signature of Judge

Hon. Thomas P. Griesa    U.S. District Judge
Name and Title of Judge

3/5/2015
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2015

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 4 — Probation
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __2__ of __4__

DEFENDANT: JOSE EUGENE LOPEZ
CASE NUMBER: 08 CR 00160 (TPG)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

*(See page 2A of 4.)

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 4 — Probation

(NOTE: Identify Changes with Asterisks (*))

Judgment--Page 2A of 4

DEFENDANT: JOSE EUGENE LOPEZ
CASE NUMBER: 08 CR 00160 (TPG)

## PROBATION

The defendant is hereby sentenced to probation for a term of:

**One (1) Year Unsupervised Probation, which includes one year on each of Counts One & Two, both Counts to run concurrently.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __3__ of __4__

DEFENDANT: JOSE EUGENE LOPEZ
CASE NUMBER: 08 CR 00160 (TPG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __4__ of __4__

DEFENDANT: JOSE EUGENE LOPEZ
CASE NUMBER: 08 CR 00160 (TPG)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ __200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.